IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ALEXANDER BERRY,<br><br>Petitioner,<br><br>v.<br><br>TAMMY L. CAMPBELL,<br><br>Respondent. | No. 2:24-CV-0212-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with retained counsel, has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See ECF No. 1. Pending before the Court are Petitioner's motion to stay, ECF No. 2, and Respondent's motion to dismiss, ECF No. 8.

**I. BACKGROUND**

In 2018, Petitioner was charged in the Superior Court of California for Shasta County with (1) murder in violation of Cal. Penal Code § 187(a); (2) arson of property in violation of Cal. Penal Code § 451(d); (3) arson of a structure or forest land in violation of Cal. Penal Code § 451(c); and (4) possession of a firearm by a prohibited in person in violation of Cal. Penal Code § 29800(a). See ECF No. 1, pg. 2. In 2021, a jury found Petitioner guilty of all counts and the trial court sentenced Petitioner to a total of 32 years and four months to life. See id. In 2022, the California Court of Appeal affirmed Petitioner's conviction. See id. The California

Supreme Court later denied Petitioner's petition for review. See id. Petitioner is currently incarcerated at California State Prison – Coracan. See id. at 1.

On January 16, 2024, Petitioner filed a petition for a writ of habeas corpus, stating three claims for relief: (1) Petitioner's constitutional right to due process under the Fifth and Fourteenth Amendments was violated as there was insufficient evidence of premeditation presented to sustain a guilty verdict (Claim One); (2) Petitioner's constitutional right to due process under the Fifth and Fourteenth Amendments was violated as the prosecutor misstated the law to the jury (Claim Two); (3) Petitioner's constitutional right to counsel under the Sixth and Fourteenth Amendments was violated as Plaintiff's counsel did not adequately represent him at trial. (Claim Three). See id. Petitioner also filed a motion to stay, seeking dismissal of Claim Three without prejudice while he exhausts remedies related to Claim Three in state court. See ECF No. 2. Petitioner further seeks leave to have Claim Three added back in once his remedies have been exhausted in state court. See id.

On March 19, 2024, Respondent filed a motion to dismiss and opposition to a stay, seeking to dismiss the petition entirely and arguing that a stay is not appropriate in this case. See ECF No. 8. On April 16, 2024, Petitioner filed an opposition to Respondent's motion to dismiss and reply in support of stay, arguing that a stay is appropriate. See ECF No. 12. On April 30, 2024, Respondent filed a reply to Petitioner's opposition, but did not include new arguments and instead rested on those arguments presented in the motion to dismiss and opposition to stay. See ECF No. 13.

## II. DISCUSSION

Before the Court are competing motions – Petitioner's motion to stay proceeding pending exhaustion in state court, and Respondent's motion to dismiss the entire petition as unexhausted because a stay is not warranted. For the reasons discussed below, the Court finds that a stay is appropriate to allow Petitioner to exhaust a currently unexhausted claim.

/ / /

/ / /

A.      **Motion for Stay**

In Petitioner's motion to stay, petitioner seeks to have Claim Three dismissed while Petitioner exhausts their remedies in state court. See ECF No. 2. Petitioner offers two alternative grounds to support their argument that a stay is appropriate in this case to protect Petitioner's claim from being time barred. See id. Petitioner argues that a stay is appropriate pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) as the exhausted and unexhausted claims are "tied to a common core of operative facts," id. at 3 (quoting Mayle v. Felix, 545 U.S. 644, 655 (2005), and therefore Claim Three could later be amended to the petition once they have exhausted its remedies in state court. See ECF No. 2. Alternatively, Petitioner argues that a stay is appropriate pursuant to Rhines v. Weber, 544 U.S. 269 (2005) as Petitioner has shown good cause for failing to exhaust claims, the petition has potential merit, and there has been no indication that Petitioner has been intentionally dilatory in pursuing litigation. See ECF No. 2, pg. 5 (citing Rhines 564 F.3d at 277-278).

In Respondent's opposition to stay, Respondents argue that a stay is not appropriate pursuant to Kelly as Claim Three will not be timely when Petitioner seeks to amend the petition and that Claim Three will not relate back to the exhausted claims as they do not arise from the same common core of operative facts. See ECF No. 8, pgs. 5-6. Respondent additionally argues that a stay is not appropriate pursuant to Rhines as Petitioner has not shown good cause as to why Claim Three has not been exhausted and has not shown that they have not engaged in dilatory tactics. See id. at 7-10.

In Petitioner's reply in support of stay, Petitioner argues that a stay is appropriate pursuant to Kelly as Claim One, Claim Two, and Claim Three are similar in time and type. See ECF No. 12. Petitioner argues that Claim One and Claim Three are similar in that they both address the nature of Petitioner's conduct during the events discussed at trial and that Claim Two and Claim Three are similar in that they both address prosecutorial misconduct. See id. Petitioner further argues that a stay is appropriate pursuant to Rhines as Petitioner could not have pursued Claim Three while represented by their former counsel until January 17, 2022,

and as Petitioner has been diligent in pursuing an investigation by hiring a private detective starting in August 2022. See id.

When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines, 544 U.S. 269. See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly, 315 F.3d 1063, applies. See Jackson, 425 F.3d at 661; see also King v. Ryan, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

In the instant petition, it is undisputed that Petitioner has presented both exhausted and unexhausted claims. The petition will therefore be analyzed under Rhines. A stay pursuant to Kelly would be inappropriate in this case as it requires that all claims brought in the petition be exhausted. Arguments presented by both parties regarding a Kelly stay will thus not be addressed.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relates back to the original petition. See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

1          In Respondent's opposition to stay, Respondent argues that Petitioner did not
2 show good cause for a stay pursuant to Rhines in Petitioner's motion for stay and further argues
3 that Petitioner did not show that they had not engaged in dilatory tactics. See ECF No. 8, pg. 7-
4 10.  As to good cause, Respondent argues that Petitioner's *pro se* status throughout the appeals
5 process is insufficient to show good cause to satisfy the threshold requirement of Rhines. See
6 id. at 9. Respondent also argues that, even if it would prevent a time bar for Claim Three,
7 Petitioner's reasonable confusion about whether a state filing would be timely would not satisfy
8 the good cause requirement. See id. at 9-10. As to dilatory tactics argument, Respondent seems
9 to argue indirectly that Petitioner's failure to file a state petition related to Claim Three for one
10 year following the exhaustion of Claim One and Claim Two shows that Petitioner is engaged in
11 dilatory tactics, although this is not stated directly. See id. at 10.
12          In Petitioner's reply in support of stay, Petitioner argues that good cause has
13 been established for not pursuing Claim Three and that they have not engaged in dilatory
14 tactics. See ECF No. 12, pgs. 3-4. Petitioner asserts that he could not have raised Claim Three
15 at trial as it is based on ineffective assistance of counsel and that Petitioner was not in control of
16 the state appellate case at the time when Claim One and Claim Two were presented in the state
17 court. See id. In Petitioner's dilatory tactics argument, they claim that they Petitioner also
18 argues that he has been diligent in retaining new counsel and hiring a private investigator to
19 further research their case. See id. at 4.
20          It is a threshold element of the Rhines test that petitioner show good cause for
21 not exhausting the unexhausted claim in a mixed petition. "The good cause element is the
22 equitable component of the Rhines test." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2005). In
23 assessing whether a petitioner has satisfied the good cause requirement of Rhines, it is not
24 necessary that the petitioner show extraordinary circumstances. Jackson v. Roe, 425 F.3d 654,
25 661-662 (9th Cir. 2005). A properly presented claim of inadequate counsel post-conviction is
26 sufficient to show good cause pursuant to Rhines. See Blake, 745 F.3d at 983. While Petitioner
27 does not raise a claim of inadequate counsel post-conviction directly, he does claim that he was
28 unable to raise Claim Three at the time and seeks to do so now. Petitioner's showing that he

was unable to raise Claim Three is sufficient to satisfy the equitable good cause standard of Rhines. As such, the Court finds that the good cause requirement is satisfied.

Once it has been established that good cause has been shown, the remaining elements of the Rhines test require that the petitioner's claim not be meritless, and that the petitioner not be engaging in dilatory tactics. Here, Petitioner provides support for Claim Three in the petition for writ of habeas corpus. See ECF No. 1. Further, Respondent does not challenge the merit element of the Rhines test. As such, the Court finds that there is sufficient merit to Claim Three to satisfy the Rhines test and considers only whether Petitioner has engaged in dilatory tactics. Petitioner's proactive retention of current counsel and hiring of a private investigator shows that Petitioner has been diligent to this point in pursuing Claim Three. As such, the Court finds that Petitioner has not engaged in dilatory tactics.

For the reasons above, the Court finds that Petitioner has submitted a mixed petition, containing both exhausted and unexhausted claims. The Court also finds that Petitioner has shown good cause, has presented an unexhausted claim that is not meritless, and has not engaged in dilatory tactics. As such, the Court finds a stay pursuant to Rhines is appropriate.

**B.     Motion to Dismiss**

Respondent argues that, because Petitioner has not exhausted all of the currently presented claims, the entire action should be dismissed. See ECF No. 8, pgs. 2-3. Respondent states that, unless Petitioner shows a stay is appropriate, the mixed petition must be dismissed. See id. (citing Mena v. Long, 813 F.3d 907 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005)). For the reasons discussed above, the Court finds that a stay is appropriate in this case. As such, the Court find that dismissal of the mixed petition is not appropriate.

///
///
///
///
///

6

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Petitioner's motion to stay, ECF No. 2, be GRANTED.
2. Respondent's motion to dismiss, ECF No. 8, be DENIED.
3. This matter be stayed pursuant to Rhines v. Weber pending exhaustion of Claim Three in state court.
4. Petitioner be required to file a reports every 60 days on the status of state court exhaustion proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE